## RICHARD SOUTHGATE'S EX'RS *v.* ROBERT TODD'S ADM'RS.

**Witnesses—Competency—Party to Action.**

A plaintiff in an action against a deceased's estate was held not to be competent to testify to a declaration made by the decedent.

### APPEAL FROM CAMPBELL CIRCUIT COURT.

March 26, 1874.

OPINION BY JUDGE HARDIN:

The right of a surety in an ordinary joint and several promissory note, to avail himself of the statute of limitations for the relief of sureties, even without attacking the form of the instrument for fraud or mistake, is, we think too well settled for argument or the citation of authority, and we perceive no objection to the instructions and rulings of the court recognizing this principle.

The most difficult and important question presented, is as to the competency of Jacob Hawthorne to testify as a witness for the plaintiffs, he being one of the executors of Richard Southgate, and

·the husband of one of his devisees, and directly interested in the result of the suit. It may be admitted that as his wife did not propose to testify, neither his interest in the case nor his relationship to her, of themselves disqualified him from being a witness; but as plaintiff in the action, he was not competent to testify, as was proposed against the estate of the decedent·Todd. Act January 3, 1872. Moreover, the testimony which it was suggested he would give, would not, in connection with the other evidence, have proved more than a promise by Todd to pay the debt after he had become released by limitation and had ceased to be under any legal or moral obligation to pay it. In our opinion the court properly rejected Hawthorne as a witness.

We perceive no error in the instruction given to the jury.

Wherefore the judgment is affirmed.

*J. R. Hallam, for appellants.*

*F. M. Webster, for appellees.*